## IN THE UNTIED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **LYNNE FRANCO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CASE NO.:** _____ |
| | ) |
| **ORLANDO FINANCIAL SERVICES,** | ) |
| **INC., RALEIGH DURHAM** | ) |
| **CHECKCASHERS, INC., EILEEN** | ) |
| **KELLER, and ANNE WOLFBERG,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT FOR DAMAGES

COMES NOW Lynne Franco, Plaintiff in the above styled matter, and files her Complaint for Damages against the Defendants.  Plaintiff respectfully shows as follows:

## <u>PARTIES</u>

1.

Plaintiff Lynne Franco was a shareholder and corporate officer of Orlando Financial Services, Inc. (a Florida corporation) and Raleigh Durham Checkcashers, Inc. (a North Carolina corporation).  Mrs. Franco is a resident of the State of Georgia and resides in this District.

1

2.

Defendant Raleigh Durham Checkcashers, Inc. (hereinafter "Raleigh Durham") is a for profit corporation organized under the jurisdiction and laws of the State of North Carolina. Defendant Raleigh Durham's principal office is located at 40 Skokie Boulevard, Suite 630, Northbrook, Illinois 60062.  Defendant Raleigh Durham may be served with the summons and Complaint through its registered agent Corporation Service Company, 327 Hillsborough Street, Raleigh, North Carolina 27603.

3.

Defendant Orlando Financial Services, Inc. (hereinafter "Orlando") is a for profit corporation organized under the jurisdiction and laws of the State of Florida. Defendant Orlando's principal office is located at 40 Skokie Boulevard, Suite 630, Northbrook, Illinois 60062.  Defendant Orlando may be served with the summons and Complaint through its registered agent Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

4.

Defendant Anne Wolfberg is a resident of the State of Illinois.  Mrs. Wolfberg resides at 1210 Whitebridge Hill, Winetka, Illinois 60093.  Mrs. Wolfberg was a shareholder in and the President of Raleigh Durham Checkcashers, Inc., and was a

shareholder and director of Orlando Financial Services, Inc.  Defendant may be personally served with the summons and Complaint at her residence.

5.

Defendant Eileen Keller is a resident of the State of Illinois.  Mrs. Keller resides at 423 Castle Pines Lane, Riverwoods, Illinois 60015.  Mrs. Keller is a shareholder in and the Corporate Secretary of Raleigh Durham Checkcashers, Inc., and, a shareholder and director of Orlando Financial Services, Inc.  Defendant may be personally served with the summons and Complaint at her residence.

**JURISDICTION AND VENUE**

6.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) as there is diversity jurisdiction amongst the parties and matter in controversy exceeds the threshold amount of $75,000.  Venue is proper in this Court as all of the Defendants have sufficient contact with the State of Georgia for purposes of personal jurisdiction through their operation of business in this State, tortious acts committed in this State, and by contracting with and employing residents of this State in their businesses which conduct operations in this jurisdiction pursuant to O.C.G.A. §9-10-91.

## FACTS

7.

Plaintiff and Defendants Anne Wolfberg, and Eileen Keller have had a business relationship for almost 10 years as co-owners of the Defendant businesses in the States of Florida and North Carolina.

8.

Additionally, Plaintiff and Defendants Anne Wolfberg, her husband and non-party Joseph Wolfberg and Eileen Keller have had a business relationship for over 12 years as co-owners of related non-party companies in the State of Georgia.

9.

Until December 2012, Plaintiff's husband was responsible for managing and growing the operations of a related non-party company – Atlanta Check Cashers, Inc. ("Atlanta Check Cashers"), which has dozens of locations and grosses millions of dollars of annual revenue to this day.

**ORLANDO FINANCIAL SERVICES, INC.**

10.

In September of 2002, Defendants Eileen Keller, Anne Wolfberg and Plaintiff formed Defendant Orlando under the laws of the State of Florida. The purpose of Orlando was to provide financial and ancillary services to residents of Orlando,

Florida, including: check cashing, money orders, and pre-paid credit cards among other products and services.

11.

Defendants Eileen Keller and Anne Wolfberg each owned 40% of the shares of Orlando and Plaintiff owned 20% of the shares. Defendants Eileen Keller, Anne Wolfberg and Plaintiff were the only officers/directors of the corporation.

12.

Defendant Orlando had as many as 8 locations in the greater Orlando, Florida area and Miami; and, currently operates 6 locations. During the entirety of her ownership of Defendant Orlando shares and position as a director, Plaintiff lived in Georgia and performed accounting and other business duties for Defendant Orlando in Georgia.

13.

Defendant Orlando for many years had marginal net income from its operations; however, in 2011 and 2012 Orlando began posting huge profits. Based on 2012 revenues Defendant Orlando realized almost $5,000,000 in profits.

14.

Due to the sudden and pronounced increase in profits and the amount of large dollar value check cashing transactions, Plaintiff and others raised concerns over possible money laundering at the Orlando locations.

15.

Unbeknownst to Plaintiff and without notice of any kind, in 2012 Defendants Anne Wolfberg and Eileen Keller negotiated a transaction to transfer ownership of a calculated number of jointly owned entities to Defendants Anne Wolfberg (and her husband Joseph) and the remaining jointly owned entities to Defendant Eileen Keller. Included among the entities transferred to Defendant Eileen Keller were corporations in which Plaintiff had an ownership interest, including Defendant Orlando.

16.

In furtherance of this plan and to further defraud Plaintiff of her ownership and financial interest in Defendant Orlando, Defendant Keller incorporated an entity in the State of Illinois named Azteca Management, LLC on February 27, 2012 (Illinois Secretary of State File Number 03890147), in which she was the sole owner.

17.

Contemporaneously with the formation of Azteca Management, LLC, Defendants Anne Wolfberg (along with her husband Joseph) and Eileen Keller secretly negotiated and executed an agreement, which provided all of the profits of Defendant Orlando (among other entities) would be paid to Azteca Management, LLC as a management fee. Defendants Wolfberg and Keller held no directors' or shareholders' meetings regarding this transaction, provided no notice (written or

otherwise) of this transaction, and in fact worked to keep this transaction secret from Plaintiff and included clauses in their written agreement which mandated strict confidentiality and non-disclosure to Plaintiff. (*See* Management Agreement, attached hereto as Exhibit 1)[1].

18.

In 2012, Plaintiff's husband entered into negotiations for a new employment contract with Defendant Keller with a non-party entity in Atlanta, Georgia. As part of those negotiations, Defendant Keller insisted Plaintiff release her stock interest in Defendant Orlando.

19.

During these employment negotiations, Plaintiff learned for the first time, the Wolfberg and Keller families intended to split-up their ownership interests in a number of companies, including Defendants Orlando and Raleigh Durham; however, Plaintiff was unaware the split-up had already taken place (*see* Agreement

---

[1] Plaintiff and her counsel obtained the Management Agreement identified as Exhibit 1 in litigation involving Eileen Keller and Plaintiff's husband, Carl Franco, which is currently pending in the Superior Court of Gwinnett County, civil action number 13A-01881-3. In the Gwinnett County litigation, a Consent Protective Order was agreed to and filed with the Court which may affect the production of Exhibit 1 at this stage with Plaintiff's Complaint. Out of an abundance of caution, Plaintiff has attached the signed Protective Order and withheld Exhibit 1 and reserves the right to supplement the record in this action with the document(s) at the Court's direction or in response to any Motion or other proceeding initiated by another party.

with Respect to Division of Exchanges, dated January 6, 2012, attached as Exhibit 2)[2]; and, the Azteca Management Agreement had been executed (*see* Exhibit 1).

20.

Having no knowledge of the Defendants' Agreement with Respect to Division of Exchanges or the Management Agreement, in December of 2012, Plaintiff served by Certified Mail her Claim for Appraisal and Inspection of Records for Defendant Orlando pursuant to Florida Stat. §607.1301, et seq., and Florida Stat. §607.1602. Plaintiff's statutory requests were uniformly rejected by Defendant Keller and Defendant Wolfberg.

21.

On February 13, 2013, shortly after receiving Plaintiff's notice of Claim for Appraisal and Inspection of Records pursuant to Florida law, Defendants Eileen Keller and Anne Wolfberg, without notice to Plaintiff as a shareholder or officer of Defendant Orlando, unilaterally removed Lynne Franco as a director and amended the by-laws of the corporation to allow for only 2 directors – Defendants Keller and

---

[2] Plaintiff and her counsel obtained the Agreement with Respect to Division of Exchanges identified as Exhibit 2 in litigation involving Eileen Keller and Plaintiff's husband, Carl Franco, which is currently pending in the Superior Court of Gwinnett County, civil action number 13A-01881-3. In the Gwinnett County litigation, a Consent Protective Order was agreed to and filed with the Court which may affect the production of Exhibit 2 at this stage with Plaintiff's Complaint. Out of an abundance of caution, Plaintiff has attached the signed Protective Order and withheld Exhibit 2 and reserves the right to supplement the record in this action with the document(s) at the Court's direction or in response to any Motion or other proceeding initiated by another party.

Wolfberg. (*See* Written Consent of the Shareholders of Orlando Financial Services, Inc., attached as Exhibit 3).[3]

22.

Also on February 13, 2013, shortly after receiving Plaintiff's notice of Claim for Appraisal and Inspection of Records pursuant to Florida law, Defendants Eileen Keller and Anne Wolfberg, without notice to Plaintiff as a shareholder or officer of Defendant Orlando, unilaterally removed all officers of the corporation and appointed Defendant Eileen Keller and Joseph Wolfberg as officers of the corporation. (*See* Written Consent of the Shareholders of Orlando Financial Services, Inc., attached as Exhibit 4).[4]

---

[3] Plaintiff and her counsel obtained the Written Consent of the Shareholders identified as Exhibit 3 in litigation involving Eileen Keller and Plaintiff's husband, Carl Franco, which is currently pending in the Superior Court of Gwinnett County, civil action number 13A-01881-3. In the Gwinnett County litigation, a Consent Protective Order was agreed to and filed with the Court which may affect the production of Exhibit 3 at this stage with Plaintiff's Complaint. Out of an abundance of caution, Plaintiff has attached the signed Protective Order and withheld Exhibit 3 and reserves the right to supplement the record in this action with the document(s) at the Court's direction or in response to any Motion or other proceeding initiated by another party.

[4] Plaintiff and her counsel obtained the Written Consent of the Shareholders identified as Exhibit 4 in litigation involving Eileen Keller and Plaintiff's husband, Carl Franco, which is currently pending in the Superior Court of Gwinnett County, civil action number 13A-01881-3. In the Gwinnett County litigation, a Consent Protective Order was agreed to and filed with the Court which may affect the production of Exhibit 4 at this stage with Plaintiff's Complaint. Out of an abundance of caution, Plaintiff has attached the signed Protective Order and withheld Exhibit 4 and reserves the right to supplement the record in this action with the document(s) at the Court's direction or in response to any Motion or other proceeding initiated by another party.

23.

Again, on February 28, 2013, Defendants Eileen Keller and Anne Wolfberg – through their Chicago attorney and without notice to Plaintiff as a shareholder of Defendant Orlando, took action under the alleged "written consent" of the shareholders of Defendant Orlando (no such written consent was given by Plaintiff) to attempt to comply with Florida corporate law and again remove Plaintiff as an officer and director, amend the by-laws and appoint themselves directors and officers. (*See* Notice of Corporate Action by Written Consent, attached hereto as Exhibit 5).[5]

24.

Finally, despite a written agreement between the Kellers and Wolfbergs which required all of the profits of Defendant Orlando to be distributed to a private company held by only Eileen Keller, Plaintiff was informed by Defendants she would be allocated a portion of the profits of Defendant Orlando on a 2012 K-1 tax reporting document. Thus, subjecting Plaintiff to 2012 tax liabilities on at least

---

[5] Plaintiff and her counsel obtained the Notice of Corporate Action by Written Consent identified as Exhibit 5 in litigation involving Eileen Keller and Plaintiff's husband, Carl Franco, which is currently pending in the Superior Court of Gwinnett County, civil action number 13A-01881-3. In the Gwinnett County litigation, a Consent Protective Order was agreed to and filed with the Court which may affect the production of Exhibit 5 at this stage with Plaintiff's Complaint. Out of an abundance of caution, Plaintiff has attached the signed Protective Order and withheld Exhibit 5 and reserves the right to supplement the record in this action with the document(s) at the Court's direction or in response to any Motion or other proceeding initiated by another party.

$895,000 of income she never received and income Defendant Orlando was to pay to Defendant Keller's company.

25.

Further, Defendants Keller and Wolfberg refused to make any distributions (as had been made in the past for tax liabilities). As a direct result of the Defendants' actions to force her out of Defendant Orlando, Plaintiff was forced to abandon her shares of stock and ownership interests.

**RALEIGH DURHAM CHECKCASHERS, INC.**

26.

In May of 2002, Defendants Ann Wolfberg and Eileen Keller, and Plaintiff formed Defendant Raleigh Durham. under the laws of the State of North Carolina. The purpose of Raleigh Durham was to provide financial and ancillary services to residents of Raleigh Durham, North Carolina, including: check cashing, money orders, and pre-paid credit cards among other products and services.

27.

Defendant Anne Wolfberg, and Defendant Eileen Keller each owned 40% of the shares of Raleigh Durham and Plaintiff owned 20% of the shares. Defendants Keller and Wolfberg and Plaintiff were the only officers of the corporation.

28.

Defendant Raleigh Durham had a number of locations in the greater Raleigh Durham, North Carolina area. During the entirety of her ownership of Defendant Raleigh Durham shares and position as a director and officer, Plaintiff lived in Georgia and performed accounting and other business duties for Defendant Raleigh Durham in Georgia.

29.

Defendant Raleigh Durham made a profit and in 2012 had revenue of approximately $4,000,000.

30.

Unbeknownst to Plaintiff and without notice of any kind, in 2012 Defendants Anne Wolfberg (and her husband Joseph) and Eileen Keller negotiated a transaction to transfer ownership of a number of jointly owned entities to Defendant Eileen Keller. These entities included Defendant Raleigh Durham.

31.

In furtherance of this plan and to further defraud Plaintiff of her ownership and financial interest in Raleigh Durham, Defendant Keller incorporated an entity in the State of Illinois named Azteca Management, LLC on February 27, 2012 (Illinois Secretary of State File Number 03890147), in which she was the sole owner.

32.

Contemporaneously with the formation of Azteca Management, LLC, Defendants Anne Wolfberg (her husband Joseph Wolfberg) and Eileen Keller secretly negotiated and executed an agreement which provided all of the profits of Raleigh Durham would be paid to Azteca Management, LLC as a management fee.

33.

Defendants Wolfberg and Keller held no directors' or shareholders' meetings regarding this transaction, provided no notice (written or otherwise) of this transaction, and in fact worked to keep this transaction secret from Plaintiff and included clauses in their written agreement which mandated strict confidentiality and non-disclosure to Plaintiff. (*See* Exhibit 1).

34.

In 2012, Plaintiff's husband entered into negotiations for a new employment contract with Defendant Keller with a non-party entity in Atlanta, Georgia. As part of those negotiations, Defendant Keller insisted Plaintiff release her stock interest in Defendant Raleigh Durham.

35.

During these employment negotiations, Plaintiff learned for the first time, the Wolfberg and Keller families intended to split-up their ownership interests in a number of companies, including Defendants Orlando and Raleigh Durham;

however, Plaintiff was unaware the split-up had already taken place (*see* Exhibit 2);

and, the Azteca Management Agreement had been executed (*see* Exhibit 1).

36.

Having no knowledge of the Defendants' Agreement with Respect to Division

of Exchanges or the Management Agreement, in December of 2012, Plaintiff served

by Certified Mail her Claim for Appraisal and Inspection of Records and Dividend

Rights for Defendant Raleigh Durham pursuant to North Carolina General Stat. §55-

13-01, et seq., §55-16-02 and §55-6-40. Plaintiff's statutory requests were uniformly

rejected by Defendant Keller and Defendant Wolfberg.

37.

On February 13, 2013, shortly after receiving Plaintiff's notice of Claim for

Appraisal and Inspection of Records and Dividend Rights pursuant to North

Carolina law, Defendants Eileen Keller and Anne Wolfberg, without notice to

Plaintiff as a shareholder or officer of Defendant Raleigh Durham, unilaterally

removed Lynne Franco as a director and amended the by-laws of the corporation to

allow for only 2 directors – Defendants Keller and Wolfberg. (*See* Written Consent

of the Shareholders of Raleigh Durham Checkcashers, Inc., attached as Exhibit 3).[6]

38.

Also on February 13, 2013, shortly after receiving Plaintiff's notice of Claim for Appraisal and Inspection of Records and Dividend Rights pursuant to North Carolina law, Defendants Eileen Keller and Anne Wolfberg, without notice to Plaintiff as a shareholder or officer of Defendant Raleigh Durham, unilaterally removed all officers of the corporation and appointed Defendant Eileen Keller and Joseph Wolfberg as officers of the corporation. (*See* Written Consent of the Shareholders of Raleigh Durham Checkcashers, Inc., attached as Exhibit 7).[7]

39.

On February 28, 2013, Defendants Eileen Keller and Anne Wolfberg – through their Chicago attorney and without notice to Plaintiff as a shareholder of

---

[6] Plaintiff and her counsel obtained the Written Consent of the Shareholders identified as Exhibit 6 in litigation involving Eileen Keller and Plaintiff's husband, Carl Franco, which is currently pending in the Superior Court of Gwinnett County, civil action number 13A-01881-3. In the Gwinnett County litigation, a Consent Protective Order was agreed to and filed with the Court which may affect the production of Exhibit 6 at this stage with Plaintiff's Complaint. Out of an abundance of caution, Plaintiff has attached the signed Protective Order and withheld Exhibit 6 and reserves the right to supplement the record in this action with the document(s) at the Court's direction or in response to any Motion or other proceeding initiated by another party.

[7] Plaintiff and her counsel obtained the Written Consent of the Shareholders identified as Exhibit 7 in litigation involving Eileen Keller and Plaintiff's husband, Carl Franco, which is currently pending in the Superior Court of Gwinnett County, civil action number 13A-01881-3. In the Gwinnett County litigation, a Consent Protective Order was agreed to and filed with the Court which may affect the production of Exhibit 7 at this stage with Plaintiff's Complaint. Out of an abundance of caution, Plaintiff has attached the signed Protective Order and withheld Exhibit 7 and reserves the right to supplement the record in this action with the document(s) at the Court's direction or in response to any Motion or other proceeding initiated by another party.

Defendant Raleigh Durham, took action under the alleged "written consent" of the shareholders of Defendant Raleigh Durham (no such written consent was given by Plaintiff) to attempt to comply with North Carolina corporate law and again remove Plaintiff as an officer and director, amend the by-laws and appoint themselves directors and officers. (*See* Notice of Corporate Action by Written Consent, attached hereto as Exhibit 8).[8]

40.

Finally, despite a written agreement between the Kellers and Wolfbergs which required all of the profits of Defendant Raleigh Durham to be distributed to a private company held by only Eileen Keller, Plaintiff was informed by Defendants she would be allocated a portion of the profits of Defendant Raleigh Durham on a 2012 K-1 tax reporting document. Thus, subjecting Plaintiff to 2012 tax liabilities on at least $895,000 of income she never received and income Defendant Raleigh Durham was to pay to Defendant Keller's company.

---

[8] Plaintiff and her counsel obtained the Notice of Corporate Action by Written Consent identified as Exhibit 8 in litigation involving Eileen Keller and Plaintiff's husband, Carl Franco, which is currently pending in the Superior Court of Gwinnett County, civil action number 13A-01881-3. In the Gwinnett County litigation, a Consent Protective Order was agreed to and filed with the Court which may affect the production of Exhibit 8 at this stage with Plaintiff's Complaint. Out of an abundance of caution, Plaintiff has attached the signed Protective Order and withheld Exhibit 8 and reserves the right to supplement the record in this action with the document(s) at the Court's direction or in response to any Motion or other proceeding initiated by another party.

41.

Further, Defendants Keller and Wolfberg refused to make any dividend payments or distributions (as had been made in the past for tax liabilities). As a direct result of the Defendants' actions to force her out of Defendant Raleigh Durham, Plaintiff was forced to abandon her shares of stock and ownership interests.

42.

In consideration for the transaction(s) intentionally hidden from Plaintiff, which transferred full ownership in the various Wolfberg/Keller entities at issue herein, the Wolfbergs received millions of dollars in payments based in part on the value of said entities, while Plaintiff received no compensation for her ownership interests.

43.

Even though Plaintiff's ownership interests in Defendants Orlando and Raleigh Durham ended without Plaintiff's knowledge, Defendants Keller and Wolfberg owed a legal duty to inform Plaintiff of the changes in ownership and assignment of income to other entities negotiated pursuant to their secret agreement. Without Plaintiff's knowledge of these agreements between the Defendants, tax returns were prepared and filed in accordance with the secret agreements and assigning a measure of tax liability to Plaintiff.

44.

As a result of the Defendants' actions, which were purposefully hidden from Plaintiff by the express written terms of the Defendants' Azteca Management Agreement, Plaintiff has suffered and continues to suffer monetary damages in the lost value of her equity in the companies and the property held by the companies.

## CLAIMS

### COUNT I. FRAUD

### ANNE WOLFBERG AND EILEEN KELLER

45.

Plaintiff reincorporates each prior paragraph and allegation as if fully set forth herein.

46.

With the intent to deceive, these named Defendants made false representations to Plaintiff regarding their intentions as to the distribution of profits, assignment of profits, sale of Orlando and Raleigh Durham and their properties in order to induce Plaintiff from enforcing her shareholder rights under Florida and North Carolina law.

47.

Specifically, but not limited to the following, Defendants negotiated and signed an agreement outside the knowledge of Plaintiff, which would transfer all ownership of Orlando and Raleigh Durham to Eileen Keller, while the Wolfbergs

were compensated for their ownership interests in these companies and Plaintiff was not. Further, these Defendants violated duties imposed on them by state law (Florida and North Carolina) and then actively worked to hide such violations from Plaintiff.

48.

Plaintiff relied upon the false representations of Defendants, failure of the Defendants to give Plaintiff required notices of corporate actions so that said actions would remain hidden from Plaintiff and the false assignment of profits to Plaintiff so as to trigger tax liabilities Plaintiff did not pursue rights guaranteed her by statute until she discovered the fraud(s). As a result of Plaintiff's justifiable reliance and the Defendants' deceit, Plaintiff has suffered damages in an amount to be decided at trial but at least in an amount of $1,500,000.00.

Further, because these Defendants' conduct was willful and wanton with the intention to deceive and injure, Plaintiff is entitled to seek punitive damages at trial.

## COUNT II. CONSPIRACY TO DEFRAUD

### ANNE WOLFBERG, EILEEN KELLER, ORLANDO FINANCIAL SERVICES, INC., RALEIGH DURHAM CHECK CASHERS, INC.

49.

Plaintiff reincorporates each prior paragraph and allegation as if fully set forth herein.

50.

Defendants Anne Wolfberg and Plaintiff were the sole shareholders and corporate officers of Defendants Orlando and Raleigh Durham.

51.

Defendants Anne Wolfberg, Eileen Keller, Orlando, Raleigh Durham and non-party and non-corporate insider Joseph Wolfberg, joined together with the specific intent to deprive Plaintiff of her ownership interest in each of the corporate entities (Orlando and Raleigh Durham) and her share of the profits and equity therefrom to which she was entitled.

52.

These Defendants and Joseph Wolfberg negotiated and reached a secret agreement whereby each corporate Defendant, Defendant shareholder, Defendant corporate officer and third party Joseph Wolfberg took numerous steps to deceive Plaintiff in order to squeeze-out and force Plaintiff to surrender ownership of her financial interests in Orlando and Raleigh Durham which had been transferred to Eileen Keller for no consideration and unbeknownst to Plaintiff.

53.

Yet, for their part in the conspiracy, Defendant and Anne Wolfberg and her husband were paid millions of dollars in cash and property by Eileen Keller, representing in part the value of Plaintiff's ownership interests in Orlando and

Raleigh Durham. Further, these Defendants and Joseph Wolfberg agreed in writing to actively conceal their agreements from Plaintiff.

54.

As a direct result of these Defendants' actions and conspiracy, Plaintiff has suffered damages in an amount to be decided at trial but at least in an amount of $1,500,000.00.

Further, because these Defendants' conduct was willful and wanton with the intention to deceive and injure, Plaintiff is entitled to seek punitive damages at trial.

## COUNT III. FRAUD (TAX RETURNS)
## ALL DEFENDANTS

55.

Plaintiff reincorporates each prior paragraph and allegation as if fully set forth herein.

56.

With the intent to deceive Plaintiff and to cause undue economic harm, these named Defendants made intentionally false representations to the Department of Treasury, IRS, and the Georgia, Florida and North Carolina Departments of Revenue on fraudulent income tax returns filed with those tax authorities regarding Plaintiff's proper share of allocated net income from Defendants Orlando's and Raleigh Durham's tax liabilities.

57.

Specifically, but not limited to the following, these Defendants knew the agreement(s) entered in to diverted all net profits from Orlando and Raleigh Durham to Azteca Management, LLC.

58.

Despite this agreement the resulting zero income or tax liability that could be attributed to Plaintiff, Defendants issued false Schedule K-1s (under penalties of perjury) attributing income of Defendants Orlando and Raleigh Durham to Plaintiff. The false income tax returns and Schedule K-1s triggered a corresponding tax liability to Plaintiff in an amount of damages to be proven at trial.

## COUNT IV. CONVERSION

## ALL DEFENDANTS

59.

Plaintiff reincorporates each prior paragraph and allegation as if fully set forth herein.

60.

Through the acts of the individual and corporate Defendants, they have intentionally taken possession of Plaintiff's interest in property (in the form of corporate distributable profits and property in the possession of Orlando and Raleigh Durham) without privilege to do so.

61.

Plaintiff is the lawful owner of her profits rights and property owned held and distributed to others without Plaintiff's consent, knowledge or permission and without payment of fair consideration to Plaintiff. Plaintiff has demanded the return of the corporate funds and property, but Defendants have refused.

62.

As a direct result of these Defendants' actions to convert Plaintiff's lawfully owned property, Plaintiff has suffered damages in an amount to be decided at trial but at least in an amount of $1,500,000.00.

## COUNT V. BREACH OF FIDUCIARY DUTY
## ANNE WOLFBERG AND EILEEN KELLER

63.

Plaintiff reincorporates each prior paragraph and allegation as if fully set forth herein.

62.

Defendants Anne Wolfberg and Eileen Keller were shareholders, directors and officers along with Plaintiff in Orlando and Raleigh Durham. As such, Florida and North Carolina law, respectively, demand they act to discharge their duties and obligations to Plaintiff in good faith and with due care.

65.

These Defendants, individually and collectively, actively sought to engage in fraud, bad faith and/or an abuse of discretion, and secret their actions in defrauding Plaintiff of her ownership and financial interests in the corporate Defendants. Further, these Defendants acted in their own self-interest and self-dealing to the detriment of Plaintiff, whereby they profited millions of dollars from their actions at the expense of Plaintiff.

67.

By engaging in self-dealing and using phantom tax burdens placed on Plaintiff without profits distributions of dividends paid to Plaintiff, these Defendants squeezed-out Plaintiff as a shareholder and officer of the Defendant corporations. Such actions by the Defendants depreciated Plaintiff's ownership interests in the Defendant corporations.  In addition, Defendants Wolfberg and Keller agreed to their split-up transaction without notice to or consent of Plaintiff, as a director and shareholder in the Defendant corporations, in violation of applicable state laws.

68.

Further, these Defendants violated duties imposed on them by state law (Florida and North Carolina) and then actively worked to hide such violations from Plaintiff.

69.

As a direct result of these Defendants' actions, Plaintiff has suffered damages in an amount to be decided at trial but at least in an amount of $1,500,000.00.

Further, because these Defendants' conduct was willful and wanton with the intention to deceive and injure, Plaintiff is entitled to seek punitive damages at trial.

WHEREFORE, Plaintiff prays as follows:

A.      Service of process issue and each Defendant be served with a Summons and Complaint in this matter;

B.      The Court award a minimum of $1,500,000 per count or an aggregate of $3,000,000 in compensatory, and economic damages to Plaintiff;

C.      The Court enter judgment in Plaintiff's favor as to each claim and all other damages as just in this matter;

D.      Plaintiff have a trial by jury on damages and punitive damages; and,

E.      The Court award attorneys' fees and costs associated with this action to Plaintiff.

Respectfully submitted, this the 10th day of June, 2016.

Signature page to follow.

**NEY HOFFECKER PEACOCK & HAYLE, LLC**

_____/s/ Charles Hoffecker_____
Charles Hoffecker
State Bar No.: 359615

1360 Peachtree Street, NE
Suite 1010, One Midtown Plaza
Atlanta, Georgia 30309
chad@nhphlaw.com
Ofc. 404-885-7576
Fax  470-225-6646

**THEODORE A. ERCK, LLC**

_____/s/ Theodore A. Erck_____
Theodore A. Erck
State Bar No.: 249892

851 Carlton Ridge NE
Atlanta, GA 30342
ted@reslawfirm.com
Ofc. 404-816-1542